UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Douglas Dobson,                  :
        Plaintiff,               :
                                 :
v.                               :      Case No. 99cv2256 (JBA)
                                 :
Hartford Life & Accident :
Insurance Company,               :
        Defendant.               :

**RULING ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AFTER REMAND
[Doc. # 138]**

Plaintiff Douglas Dobson sued defendant Hartford Life &
Accident Insurance Company ("Hartford") under Sections
501(a)(1)(B) and 502(a)(3) of the Employee Retirement Income
Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), (a)(3), on
behalf of a putative class of participants in long-term
disability ("LTD") plans for which Hartford served as insurer
(the "Plans"), and who were denied interest (§ 501(a)(1)(B)) or a
disgorgement of Hartford's profits (§ 502(a)(3)) on their
retroactively paid benefits.

The Court initially granted Hartford's motion for summary
judgment on plaintiff's § 501(a)(1)(B) claim, finding no basis
for a per se unreasonableness claim in the language of the Plans,
and thus denied class certification on the claim as moot.  The
Court denied Hartford's motion for summary judgment on
plaintiff's § 502(a)(3) claim, holding that if Hartford's
withholding of plaintiff's benefits was unreasonable and a breach

1

of fiduciary duty, Hartford was obligated to disgorge any profits it had earned on investment of the withheld benefits,[1] but denied class certification on the § 502(a)(3) claim because plaintiff's proposed class definition "necessarily recognize[d] that whether Hartford was justified in exceeding the time limits in any particular case will require individualized assessment of the information available to Hartford within the regulation time period, and other claims handling factors." See Dobson v. Hartford Fin. Servs., 196 F. Supp. 2d 152, 165 (D. Conn. 2002).

The Second Circuit vacated this Court's dismissal of plaintiff's § 501(a)(1)(B) claim and the denial of class certification on both claims and remanded for consideration of the Plans' requirement that benefit determinations be made within certain time periods barring "special circumstances". See Dobson v. Hartford Fin. Servs. Group, Inc., 389 F.3d 386, 402 (2d Cir. 2004).

On remand, plaintiff seeks class certification on both of these claims using a reconfigured class definition focused on class members' entitlement to interest payments on disability benefits presumptively unreasonably withheld beyond certain time

---

[1] Following the Court's Ruling, Hartford stipulated to judgment in the amount of $3,779.22 in favor of Dobson, which the Court is advised has not yet been satisfied.

2

periods absent "special circumstances."[2]  The Court held oral argument on plaintiff's motion on March 23, 2006.  For the reasons that follow, plaintiff's Motion [Doc. # 138] will be denied.

## I.   FACTUAL BACKGROUND[3]

Plaintiff Dobson was employed as an anesthesiologist with West Central Anesthesiology Group until becoming disabled by obstructive sleep apnea in 1993.  Dobson is a participant in West Central's LTD plan, which provides long term disability benefits through an insurance policy issued by Hartford.  Plaintiff's claims stem from the fact that although Hartford originally approved his claim for LTD benefits, and began paying him such benefits in 1993, in 1997 it suspended his benefits for lack of proof of continuous disability.  Although plaintiff submitted additional documentation of his continued disability, Hartford found it insufficient.  Plaintiff appealed that determination, which appeal was ultimately concluded in his favor and on April 22, 1998, plaintiff was paid 12 months of retroactive benefits, plus the payment for April 1998, in a lump-sum, less tax and

---

[2] Prior to appeal, plaintiff did not advance a presumptive unreasonableness argument keyed to the time periods specified in the Plans and the United States Department of Labor regulations, and his previously proposed class definition thus was not reflective of such time periods.

[3] A detailed summary of undisputed facts is set forth in the Court's initial opinion, see Dobson, 196 F. Supp. 2d at 154-57.

withholding, but with no interest or other recompense for the lost time-value of the monthly disability income payments. Plaintiff sought relief on behalf of himself and a putative class to recover interest, or to disgorge Hartford's profits, on retroactively paid LTD benefits which had been unreasonably delayed.

## II.  PROCEDURAL BACKGROUND

The Second Circuit remanded plaintiff's § 501(a)(1)(B) claim for consideration of whether the terms of the Plans "implicitly obligated Hartford to pay interest to plaintiff on disability benefits that remained suspended after Hartford had taken more than a reasonable time to evaluate plaintiff's claim." Dobson, 389 F.3d at 388.  The Second Circuit thus instructed the Court to consider "plaintiff's claim that resumption of payments became due after the expiration of a reasonable time following plaintiff's submission of his proofs of continuing disability" and "the Plan's explicit provision that after the initial denial of plaintiff's claim, and plaintiff's appeal from that denial, Hartford could take 'no more than 60 days after the receipt of the request [for review],' except in 'special circumstances' where another sixty days are permitted." Id. at 393.[4]

The Second Circuit thus vacated this Court's denial of class

---

[4] The Second Circuit noted that "[a]pparently because the parties never raised the issue," this Court "did not remark" on the specified time period in the plan language. Id. at 393.

certification on plaintiff's § 502(a)(1)(B) claim and remanded
for reconsideration, including consideration of plaintiff's
argument regarding the time requirements in the Plans.  For the
same reason, the Second Circuit vacated the Court's denial of
class certification on plaintiff's § 502(a)(3) claim.

## III. PLAINTIFF'S PROPOSED CLASS

Plaintiff now seeks certification of the following class:

> All persons who are or have been participants in ERISA
> long-term disability plans for which Hartford Life &
> Accident Company or any predecessor in interest thereto
> . . . served as insurer and claims fiduciary, and
>
>> (1)   who submitted claims for benefits at any time
>>       from November 16, 1993 through December 31,
>>       2001, which claims were granted with payments
>>       of past-due benefits more than 90 days after
>>       Hartford received notices of the claims; or
>>
>> (2)   who submitted claims for benefits at any time
>>       from January 1, 2002 to the present, which
>>       claims were granted with payments of past-due
>>       benefits more than 45 days after Hartford
>>       received notices of the claims; or
>>
>> (3)   whose benefits were cut off at any time from
>>       November 16, 1993 through December 31, 2001,
>>       but were later reinstated with payments of
>>       past-due benefits more than 60 days after
>>       Hartford received notices of their
>>       administrative appeals; or
>>
>> (4)   whose benefits were cut off at any time from
>>       January 1, 2002 to the present, but were
>>       later reinstated with payments of past-due
>>       benefits more than 45 days after Hartford
>>       received notices of their administrative
>>       appeals.

See Pl. Mem. [Doc. # 143] at 4-5.  Plaintiff's class definition
stems from his legal theory that language in the Plans and in the

5

United States Department of Labor regulations, setting out certain time periods in which decisions are to be made on claims and appeals, creates a presumptive standard of reasonableness which Hartford is obligated to abide by, absent special circumstances, or pay interest.  See generally id. at 1-5, 7-9.[5]

Plaintiff contends that the "principal" and "overriding" question in this case is thus "whether Plaintiff and the Class members are entitled to a declaratory judgment that where Hartford exceeds the [Department of Labor Regulations'] time limits (or the Plans' . . . time limit[s]), Plaintiff and Class members are presumptively entitled to interest or disgorgement of Hartford's profits on the withheld benefits."  Id. at 4. Plaintiff thus seeks, on behalf of the putative class:

(1) a declaration that [d]efendant is required to pay claims for LTD benefits within a reasonable time after receiving sufficient proof of disability;

(2) a declaration that class members are entitled to a presumption that [d]efendant's failure to pay interest on benefits that are paid after the time periods specified in the applicable Department of Labor Regulations is unreasonable and/or that these class members are presumptively entitled to have Hartford disgorge its profits on benefit payments withheld for longer than those time

_____

[5] As reflected in plaintiff's proposed class definition, the Department of Labor regulations specify time periods for the resolution of claims as well as appeals and these time periods were amended effective January 1, 2002.  The model policy form and "conforming instrument" promulgated by Hartford for the Plans incorporate these time periods.  See Pre-2000 Conforming Instrument [Doc. # 140, Ex. 4] at HART 13616-17; 2002 Conforming Instrument [Doc. # 140, Ex. 4] at HART 13622.

periods; and

(3)   appropriate injunctive and/or other equitable
      relief consistent with one or both of those
      presumptions.

Pl. Reply [Doc. # 153] at 2.  The plaintiff also states that, if

the Court rules in favor of the class, the Court would then

consider, <u>inter alia</u>, what equitable relief, "such as appointment

of an independent fiduciary," will be ordered to remedy

Hartford's violations, including "what procedure, if any, . . .

the Court [will] establish (a) to allow Hartford to contest the

presumption that it must pay interest or disgorge its profits,

(b) to allow class members to argue to the contrary, and (c) to

adjudicate that issue."  Pl. Mem. at 14.

## IV.   STANDARD

A "principal purpose" of Federal Rule of Civil Procedure 23

is "the efficiency and economy of litigation."  <u>American Pipe &</u>

<u>Constr. Co. v. Utah</u>, 414 U.S. 538, 553 (1974); <u>Simon v. Philip</u>

<u>Morris Inc.</u>, 200 F.R.D. 21, 47 (E.D.N.Y. 2001) (Rule 23 was

"created to foster judicial economy and efficiency by

adjudicating, to the extent possible, issues that affect many

similarly situated persons").  The Rule sets out the requirements

that must be met for bringing and maintaining a class action in

federal court.  In determining whether the Rule's requirements

are met, "the question is not whether the plaintiff or plaintiffs

have stated a cause of action or will prevail on the merits, but

rather whether the requirements of Rule 23 are met." In re Visa Check/Master Money Antitrust Litig., 280 F.3d 124, 133 (2d Cir. 2001).  The Second Circuit has "directed district courts to apply Rule 23 according to a liberal rather than a restrictive interpretation." In re NASDAQ Market-Makers Antitrust Litig., 169 F.R.D. 493, 504 (S.D.N.Y. 1996) (citing Korn v. Franchard Corp., 456 F.2d 1206, 1208-09 (2d Cir. 1972)).  However, a court may not grant certification unless it is satisfied "after rigorous analysis" that Rule 23's requirements have been met, see General Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982), and plaintiff bears the burden of establishing that each requirement has been met.  See Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 291 (2d Cir. 1999).

"[A] motion for class certification is not an occasion for examination of the merits of the case." Id.  "Nothing in either the language or history of Rule 23 . . . gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." Id. (citing Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974)).  However, inherent in the Court's determination of class certification are considerations related to the factual and legal issues involved in plaintiff's claims. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 (1978).

**V.    DISCUSSION**

Plaintiff seeks certification of the putative class under Rule 23(b)(1)(B) or Rule 23(b)(2).  Defendant opposes class certification, contending that notwithstanding the Second Circuit's remand, and even if plaintiff is able to establish the legal presumption he advocates, the success of each class member's claims depends on the reasonableness of Hartford's decision to withhold and delay payment of disability benefits and this determination will vary from participant to participant and will require individualized assessment.

Plaintiff's response is to re-characterize the relief he seeks, narrowing it to a request for a legal declaration of the validity of the presumption he advocates.  Such declaratory relief, plaintiff asserts, requires no individualized assessment. Plaintiff acknowledges, however, that he also seeks, on behalf of the putative class, "appropriate injunctive and/or other equitable relief" "consistent with" the declaratory relief sought.  Pl. Reply at 2.  This element of plaintiff's case, which refers to plaintiff's suggestion that after determining the legal questions of interpretation of the Plans and Department of Labor regulations, case by case determinations on liability could be ceded to a special master or independent fiduciary appointed by the Court for the purpose, belies plaintiff's attempted transformation of demonstrably individualized claims into class-

9

wide requests for declaratory relief.[6]

## A.   Rule 23(a)

Rule 23(a) provides that:

> One or more members of a class may sue or be sued as
> representative parties on behalf of all only if (1) the
> class is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact
> common to the class, (3) the claims or defenses of the
> representative parties are typical of the claims or
> defenses of the class, and (4) the representative
> parties will fairly and adequately protect the
> interests of the class.

Fed. R. Civ. P. 23(a).  Defendant does not dispute that the first

and fourth prongs of Rule 23(a), numerosity and adequacy of

representation, are satisfied with respect to plaintiff's

proposed class.  Defendant contends, however, that the

requirements of commonality and typicality are not met and that

the proposed class is not readily ascertainable.  The requirement

of ascertainability is implied and requires plaintiff to

demonstrate the existence of an identifiable "aggrieved class."

See Dunnigan v. Metropolitan Life Ins. Co., 214 F.R.D. 125, 135

(S.D.N.Y. 2003) (citing General Tel. Co., 457 U.S. at 157, and

Sheehan v. Purolator, Inc., 839 F.2d 99, 102 (2d Cir. 1988)).

---

[6] Further, even if the putative class did not seek recovery
of interest on late payments, it would not be appropriate as a
matter of law to certify plaintiff's proposed class on the more
limited legal questions plaintiff proposes because such a class
would meet neither the requirements of Rule 23(b)(1)(B) nor Rule
23(b)(2), as discussed infra.

i.   Commonality/Typicality

Plaintiff argues that commonality requires only that class members share one common issue of law or fact and that it is easily met in this case because plaintiff's claim "turns not on whether Hartford was justified in withholding payment of LTD benefits in a particular instance, but on the common question of whether [p]laintiff and the Class are entitled to declaratory judgment that where Hartford exceeds the time limits in the applicable [Department of Labor] Regulations, [p]laintiff and the Class are presumptively entitled to interest on the withheld benefits."  Pl. Reply at 3-4.  Plaintiff also argues that his claims are typical of those of the putative class because they arise out of the same course of conduct – Hartford's "uniform practice" of failing to pay interest on retroactive benefits even where it has delayed payment of those benefits beyond the time limits set forth in its Plans and the Department of Labor regulations.  Id. at 9.

Plaintiff's problem is, however, as defendant recognizes, that a determination of whether or not the class members are presumptively entitled to interest on withheld benefits will not resolve any class member's claim for interest, and such resolution would involve individualized determinations made on a

case by case basis.[7]  This is because, as noted by the Second
Circuit on appeal, the provisions in the Plans and Department of
Labor regulations on which plaintiff's presumption argument is
based provide for an extension of the time periods provided if
warranted by "special circumstances" in the particular instance.
See Dobson, 389 F.3d at 393 n.3 (citing 29 C.F.R. § 2560.503-
1(e)(1), (e)(3), (h)(1)), 393 n.5 (citing 29 C.F.R. § 2560.503-
1(f)(3), (4)).  As this Court recognized and the Second Circuit
acknowledged on appeal, even if plaintiff could establish the
validity of the presumption he claims, "plaintiff's proposed
class definition necessarily recognizes that whether Hartford was
justified in exceeding the time limits in any particular case
will require individualized assessment of the information
available to Hartford within the regulation period, the
complexity of the claim of disability, and other claims handling
factors."  Dobson, 196 F. Supp. 2d at 165; Dobson, 389 F.3d at
393 (describing "plaintiff's contention that the Plan allows the

_____

[7] In support of its position, defendant has submitted
several affidavits purporting to document the case-specific
nature of claims determinations, to which plaintiff has objected,
see [Doc. # 155].  This Court and the Second Circuit have already
recognized the existence of situations in which a claimant,
employer, or treating physician delays submission of information
necessary for Hartford to adjudicate the claim, and other claims
handling circumstances, which preclude Hartford from making
benefit payments within the Department of Labor/Plan time
periods, measured from Hartford's first notice of the claim.  The
affidavits are deemed merely reflective of this recognition and
not serving any other evidentiary function and thus the Court
overrules plaintiff's Objections.

12

administrator a <u>reasonable</u> time to evaluate the sufficiency of proofs, <u>the duration of which might vary from case to case</u>, and as to which the ERISA regulations would merely be advisory") (emphasis added).

Plaintiff now seeks to rewrite his claims, contending that because he seeks a declaration that Hartford's delay beyond the specified time periods is presumptively unreasonable, his claims are common and typical to the proposed class. Plaintiff cannot ignore, however, that in his First Amended Complaint he sought an award of interest, <u>see</u> First Amended Complaint [Doc. # 72] at 11, ¶¶ F, G, that he acknowledges that even if this Court rules that such a presumption applies, Hartford will have the opportunity to rebut that presumption, <u>see</u> Pl. Mem. at 19, and that he seeks equitable relief consistent with the Court's decision on the validity of the proposed presumption, including in the form of the appointment of a special master or independent fiduciary to assess class members' individual claims of liability, <u>see</u> Pl. Reply at 2.

Thus, plaintiff has not met the Rule 23 requirement of commonality because the purported common question of law of whether the time periods specified in the Plans and the Department of Labor regulations create a presumptive standard of

reasonableness does not lie at the "core" of the case,[8] <u>see</u>
<u>Dunnigan</u>, 214 F.R.D. at 136, and the necessity for individualized
determinations of liability destroys commonality among the
putative class members.  <u>See</u>, <u>e.g.</u>, <u>Fotta v. Trustees of the</u>
<u>United Mine Workers of Am.</u>, 319 F.3d 612, 618-19 (3d Cir. 2003)
("Because . . . the putative members of the class are not
entitled to interest if their benefits were not wrongfully
delayed, they do not share common issues of law or fact and thus
do not meet the requirements of Rule 23. . . . [A] belief that
the interest entitlement of every class member can be calculated
using a single, objective formula . . . ignores [the] clear
holding that interest on delayed ERISA benefits is [a] remedy
dependent upon the individual facts of each claim.  Because both
liability and the appropriate remedy must be determined for each
plaintiff, no common issues of law or fact exist.").

Likewise, plaintiff has not met the Rule 23 typicality
requirement because typicality requires that "each class member's
claim arise . . . from the same course of events, and each class
member make . . . similar legal arguments to prove defendant's
liability" and typicality will be found to be lacking where a
defendant has "unique defenses" to the individual claims of the

_____

[8] This is because even a favorable disposition by the Court
of the legal presumption issue would not necessarily resolve the
issue of Hartford's liability as to <u>any</u> of the class members
because Hartford would have the opportunity in every case to
rebut the presumption by justifying its delay.

class members.[9]  See Fotta, 319 F.3d at 619 (rejecting class
certification based on finding "that an ERISA beneficiary is
entitled to interest only if the benefits were wrongfully
withheld or wrongfully delayed [because] [t]o decide whether each
putative class member would be entitled to interest, the District
Court would have to determine whether the Fund wrongfully
withheld or wrongfully delayed payment for each class member");
Dunnigan, 214 F.R.D. at 137 (named class member's claim was not
typical because "the resolution of [her] claim will depend on
whether [defendant's] delay in resolving [her] claim was
unreasonable," which assessment is "unique" to the class
representative); see also Parke v. First Reliance Standard Life
Ins. Co., 368 F.3d 999, 1004-05 (8th Cir. 2004) (affirming denial
of class certification where "the question of whether a breach
[of defendant's ERISA obligations] occurred remain[ed] a case-by-
case determination").

    ii.  Ascertainability

    Plaintiff correctly maintains that the proposed class is

---

[9] In this case even if the Court determined that a valid
presumption of unreasonableness existed, Hartford could attempt
to rebut that presumption for every single class member.  The
Dunnigan court considered the possibility of such a presumption
in a similar factual scenario, ultimately rejecting the argument
that it made class certification appropriate, distinguishing a
reasonableness presumption in ERISA cases from the reliance
presumption in securities cases, and noting the possibility of
"many mini-trials on the individual issues, which would be wholly
inefficient."  214 F.R.D. at 140.

ascertainable.  Indeed, Hartford has already identified the
class.  Pl. Reply at 18 (citing Declaration of Analisa Pratt at
¶¶ 4-7).  However, defendant's argument to the contrary, while
based on a misunderstanding of plaintiff's proposal, highlights
what the discussion above and below makes clear: ascertainability
is the only disputed element of this class that is satisfied,
because Dobson's claims are neither common nor typical of the
ascertainable class, and the claimed presumption, even if
established, will not resolve defendant's liability as to
individual class members.[10]

### B.   Rule 23(b)(1)(B)

Even assuming plaintiff could meet the prerequisites of Rule
23(a), his proposed class does not satisfy the requirements of
either Rule 23(b)(1)(B) or Rule 23(b)(2).

Rule 23(b)(1)(B) provides that an action may be maintained
as a class action where the prerequisites in Rule 23(a) are met

---

[10] Defendant contends that the proposed class does not meet
the implied requirement of ascertainability because plaintiff
"has proposed a class definition that is tied to the payment of
'past due' LTD benefits after the expiration of certain time
periods [and] [i]n turn, those periods are themselves tied to the
time periods specified in the Labor Department regulations on the
handling of claims for disability benefits (and/or the appeal
provision of the Plan[s] itself)," however the date on which LTD
benefits become "past due" "'might vary from case to case.'" Def.
Mem. at 30-31 (citing Dobson, 389 F.3d at 393). In fact,
plaintiff seeks to certify as a class all Hartford LTD plan
participants whose benefits were delayed in excess of the
relevant time period provided by the Plans or Department of Labor
regulations.

and:

> [T]he prosecution of separate actions by or against
> individual class members would create a risk of . . .
> (B) adjudications with respect to individual members of
> the class which would as a practical matter be
> dispositive of the interests of other members not
> parties to the adjudications or substantially impair or
> impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1)(B).  Plaintiff argues that this
provision "is particularly applicable where trust beneficiaries
charge a breach of trust by a fiduciary," see Pl. Mem. at 21-22
(citing 1966 Advisory Committee Note, Rule 23), and that "this
Court's adjudication of questions at the heart of the two claims
will, as a practical matter, dispose of all Class members'
claims." Id. at 22.

Plaintiff's own description of the urged presumption,
however, reveals that in fact the requested declaratory relief
would not dispose of the class members' claims because even if
the Court ruled in the class's favor on the requested
presumption, Hartford would still have the opportunity to rebut
that presumption on a case-by-case basis before liability could
be resolved.  For the same reason, a declaration by this Court
concerning the existence of a presumption in plaintiff's
individual action would not create a risk of impeding the
individual interests or actions of putative class members; each
individual class member could still maintain a suit for interest,
and in each case Hartford would have the opportunity to justify

17

its delay.

The Supreme Court has stated that Rule 23(b)(1)(B)
necessitates that "the shared character of rights claimed or
relief awarded entails that any individual adjudication by a
class member disposes of, or substantially affects, the interests
of absent class members." Ortiz v. Fibreboard Corp., 527 U.S.
815, 834 (1999).  As described above, that would simply not be
the case here.  Additionally, as defendant notes and plaintiff
acknowledges, class actions certified under Rule 23(b)(1)(B) are
typically, although not exclusively, "limited fund" class
actions, "aggregating claims . . . made by numerous persons
against a fund insufficient to satisfy all claims." Id.  While
Rule 23(b)(1)(B) is not limited to such actions, and courts have
certified ERISA breach of fiduciary duty claims under the
provision,[11] the predominance of limited fund cases among Rule

─────────────

[11] Plaintiff contends that because other courts have
certified ERISA breach of fiduciary duty claims and ERISA claims
involving benefit entitlement under Rule 23(b)(1)(B), the Court
should certify the ERISA claims in this action.  However, the
cases cited by plaintiff are distinguishable because in those
cases class adjudication could conclusively resolve the issue of
defendant's liability.  See Flanigan v. General Electric, 93cv516
(JBA), 1998 U.S. Dist. LEXIS 22873, at *21-22 (D. Conn. Sept. 28,
1998) (class treatment could conclusively resolve "whether or not
the communications common to all subclass members constituted a
breach of fiduciary duty" and "[v]arying adjudications" on this
issue "could leave the defendants faced with differing judicial
determinations of standards of conduct in evaluating their future
communications with employees"); Becher v. Long Island Lighting
Co., 164 F.R.D. 144, 153 (E.D.N.Y. 1996) (because defendants'
conduct was either lawful or unlawful as to all members of the
class, "[f]ailure to certify the class could result in multiple

23(b)(1)(B) class actions illustrates the purpose of the

provision – to protect members of a class where individual

actions would dispose of or adversely affect prosecution of their

claims.  Additionally, as the Second Circuit has acknowledged,

the Supreme Court has expressed caution in extending Rule

23(b)(1)(B) beyond "the Rule's historical antecedents, describing

the class actions as involving, for instance, 'claimants to trust

assets, a bank account, insurance proceeds, company assets in a

liquidation account, insurance proceeds, company assets in a

liquidation sale, proceeds of a ship sale in a maritime accident

---

suits regarding the trustees' interpretation of the [ERISA] Plan
[and] [e]ach case could conceivably result in different courts
reaching conflicting decisions"); Helms. v. Local 705 Int'l Bdh.
of Teamsters Pension Plan, 97 C 4788, 1998 WL 182513, at *2 (N.D.
Ill. Apr. 16, 1998) (determination of plaintiff's claim of
entitlement to ERISA benefits would be determinative of other
class member's claims and therefore certification under Rule
23(b)(1)(B) was appropriate); Gruby v. Brady, 838 F. Supp. 820,
828 (S.D.N.Y. 1993) (because plaintiffs were "seeking relief on
behalf of the Fund as a whole" in a representative capacity, and
thus the action affected all participants and beneficiaries,
"prosecution of separate actions by individual [class members]
would, indeed, create a risk of adjudications which would be
dispositive of the interests of the other members not parties to
such adjudications"); Devine v. Combustion Eng'g, Inc., 760 F.
Supp. 989, 996 (D. Conn. 1991) (issue of whether defendants
breached their fiduciary duty to one plaintiff would be
determinative of the fiduciary duty claims of all putative class
members); Walsh v. Great Atlantic & Pacific Tea Co., 726 F.2d
956, 960 (3d Cir. 1983) (certification appropriate under Rule
23(b)(1)(B) in limited fund case).  Plaintiff also cites Forbush
v. J.C. Penney Co., 994 F.2d 1101, 1105 n.3 (5th Cir. 1993),
which is inapplicable here because it was a Rule 23(b)(2) case,
not a Rule 23(b)(1)(B) case.

suit."[12]  <u>See</u> <u>In re Simon II Litig.</u>, 406 F.3d 125, 137 (2d Cir. 2005) (citing <u>Ortiz</u>, 527 U.S. at 834).

Thus, because individual adjudication of plaintiff's claims would not "as a practical matter be dispositive of the interests of other members not parties to the adjudication[] or substantially impair or impede their ability to protect their interests," <u>see</u> Rule 23(b)(1)(B), the proposed class does not meet the requirements of Rule 23(b)(1)(B).[13]

**C.   Rule 23(b)(2)**

Rule 23(b)(2) provides that class certification is appropriate if the requirements of Rule 23(a) are met and: "the

---

[12] While plaintiff argues that his breach of fiduciary duty claim is akin to "an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a larger class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust," <u>see</u> Pl. Mem. at 20 (citing 1966 Advisory Committee Note, Rule 23), plaintiff does not suggest that Hartford's ability to pay the claimed interest to all putative class members is in any way limited, or explain how a declaration as to one class member would adversely affect or dispose of other members' claims, as necessary to satisfy the requirement of Rule 23(b)(1)(B).

[13] <u>See</u> <u>also</u> <u>Selby v. Principal Mut. Life Ins. Co.</u>, 197 F.R.D. 48, 58 n.16 (S.D.N.Y. 2000) (class action could not be maintained under Rule 23(b)(1)(B) because a finding that defendant's on-line review of one class member's claim for health benefits did not "materially compromise" that member's claim "would neither be dispositive of or compromise subsequent plaintiffs who alleged that the defendant's on-line review procedure compromised their claims.  Indeed, in each case a plaintiff will present different information, identify different kinds of omissions and be able to show distinct ways these omissions affected his coverage under his particular plan").

party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Plaintiff contends that Rule 23(b)(2) "has been a frequent vehicle for certification of classes in ERISA actions," and is appropriate in this case given the declaratory and injunctive relief he seeks. See Pl. Mem. at 23. Defendant contends that while it has arguably acted "on grounds generally applicable to the class," i.e., refusing to pay interest on delayed benefits, plaintiff cannot meet the second prong of Rule 23(b)(2) because in addition to seeking declaratory and injunctive relief, plaintiff also seeks monetary relief in the form of interest on late LTD payments, thus rendering class treatment inefficient and inappropriate under Rule 23(b)(2).

The Second Circuit in Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147 (2d Cir. 2001), stated that "[t]he (b)(2) class action is intended for cases where broad, class-wide injunctive or declaratory relief is necessary to redress a group-wide injury." 267 F.3d at 162. When confronted with a motion for Rule 23(b)(2) class certification of a claim seeking both injunctive or declaratory relief and non-incidental monetary damages,[14] a district court "must consider the evidence presented

---

[14] "Incidental damages" have been defined as damages that "flow directly from a finding of liability on the claims for

at a class certification hearing and the arguments of counsel, and then assess whether (b)(2) certification is appropriate in light of the relative importance of the remedies sought, given all of the facts and circumstances of the case."   Id. at 164. The Robinson Court thus explained:

> The district court may allow (b)(2) certification if it finds that in its informed, sound judicial discretion that (1) the positive weight or value to the plaintiffs of the injunctive or declaratory relief sought is predominant even though compensatory or punitive damages are also claimed, . . . and (2) class treatment would be efficient and manageable, thereby achieving an appreciable measure of judicial economy.

Id. (internal quotation and citation omitted).   District courts must therefore satisfy themselves that:

> (1) even in the absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought; and (2) the injunctive or declaratory relief sought would be both reasonably necessary and appropriate were the plaintiffs to succeed on the merits.

Id.

In this case, the declaration plaintiff seeks – that Hartford's delay beyond the specified time periods is presumptively unreasonable – is of little value to plaintiff and

---

class-wide injunctive and declaratory relief" and entitlement thereto "does not vary based on the subjective considerations of each class member's claims."   See Laflamme v. Carpenter's Local #370 Pension Plan, 212 F.R.D. 448, 456 (N.D.N.Y. 2003).   Because in this case the damages sought by plaintiff and the putative class members do implicate subjective considerations of each class member's claims, such damages do not "flow directly" from a finding of liability on the declaratory relief sought and thus they are properly characterized as "non-incidental" damamges.

the proposed class members without accompanying determinations of whether defendant can rebut that presumption in each individual case, because without such determinations, no interest or disgorged profits can be recovered.  For this reason, class treatment of plaintiff's claims is not appropriate because resolution of defendant's liability as to each class member would entail fact-specific individualized adjudications.[15] Consideration of the _Robinson_ factors reveals the inappropriateness of certifying this class pursuant to Rule 23(b)(2): (1) it is unlikely that reasonable plaintiffs would bring suit solely for the purpose of obtaining a declaration of the legal presumption plaintiff advocates because it would not resolve any plaintiff's claim for interest or disgorgement but would only shift an evidentiary burden to Hartford; and (2) the declaratory relief sought is not necessary to a plaintiff proving entitlement to the claimed interest because even in the absence of a presumptive entitlement to interest, a plaintiff could prove that Hartford's delay in paying benefits to which he or she was entitled was not "reasonable."[16]

---

[15] The evidentiary hearing described in _Robinson_ is thus unnecessary in this case because plaintiff's characterization of the class alone demonstrates the inappropriateness of certification.

[16] Plaintiff is incorrect that "[o]nly if the Court declares that there is a presumption that interest should be paid or profits disgorged . . . will any monetary relief be available to Class members."  _See_ Pl. Mem. at 25.  First, the presumption plaintiff advocates could be established as a matter of law in an

Plaintiff acknowledges both of these facts in his repeated suggestion that the Court could appoint an independent fiduciary, Special Master, or Magistrate Judge to decide the individual issues of liability.  See, e.g., Pl. Mem. at 14, 18; Pl. Reply at 10, 16, 19, 22.  That plaintiff would agree to the appointment of an adjudicator other than this Court to make recommended determinations on these issues does not mitigate the fact that such individualized issues would need to be decided before the putative class members' rights were vindicated and their claims concluded.[17]  See also Robinson, 267 F.3d at 164 ("Insignificant or sham requests for injunctive [or declaratory] relief should not provide cover for (b)(2) certification of claims that are brought essentially for monetary relief."); compare Laflamme, 212 F.R.D. at 456 (declaratory relief sought – that pension plan was in violation of ERISA – would conclusively dispose of one of the class's claims and resolution of the other two claims was

---

individual action and thus invoked in subsequent actions. Additionally, as this Court recognized in its initial ruling, even absent a presumptive entitlement, plaintiff could establish that Hartford was obligated to pay interest on his LTD benefits because this Court "certainly could determine the point at which a claimant such as [plaintiff] had submitted sufficient proof of loss after which Hartford's continued denial was unreasonable." Dobson, 196 F. Supp. 2d at 161.

[17] Appointment of a special master or independent fiduciary for the purpose of conducting hearings on individual claims would not relieve the Court of making the determinations because such an individual could issue only a recommended ruling, to which the parties could object, and which would ultimately have to be considered and adopted by the Court.

24

predicated on such a declaration).[18]

_____

   [18] The other ERISA cases cited by plaintiff, in addition to
Laflamme, are similarly distinguishable because the declaratory
and/or injunctive relief sought would conclusively resolve
liability (i.e., the legality of defendant's conduct), and in
some cases monetary damages, as to all class members.  See
McHenry v. Bell Atlantic Corp.,  No. CIV. A. 97-6556, 1998 WL
512942, at *7 (E.D. Pa. Aug. 19, 1998); Helms v. Local 705 Int'l
Bhd. of Teamsters Pension Plan, No. 97 C 4788, 1998 WL 182513, at
*3 (N.D. Ill. Apr. 16, 1998); Becher v. Long Island Lighting Co.,
164 F.R.D. 144, 153 (E.D.N.Y. 1996); Halford v. Goodyear Tire &
Rubber Co., 161 F.R.D. 13, 16 (W.D.N.Y. 1995); Sutton v. Med.
Serv. Ass'n of Penn., Civ. A. No. 92-4787, 1993 WL 64565, at *4
(E.D. Pa. Mar. 5, 1993); Devine v. Combustion Eng'g, Inc., 760 F.
Supp. 989, 996 (D. Conn. 1991); Church v. Consol. Freightways,
Inc., No. C-90-2290 DLJ, 1991 WL 284083, at *14 (N.D. Cal. June
14, 1991); United Mine Workers of Am. Int'l Union v. Nobel, 720
F. Supp. 1169, 1185 (W.D. Pa. 1989); Shultz v. Teledyne, Inc.,
657 F. Supp. 289, 295 (W.D. Pa. 1987); Bower v. Bunker Hill Co.,
114 F.R.D. 587, 596 (E.D. Wash. 1986); Dameron v. Sinai Hosp. of
Baltimore, Inc., 595 F. Supp. 1404, 1408 (D. Md. 1984); Morgan v.
Laborers Pension Trust Fund for Northern Cal.,  81 F.R.D. 669,
681 (N.D. Cal. 1979).  The relief sought by Dobson would resolve
neither liability nor damages for any class member.
   Plaintiff also mischaracterizes the holdings in Barnett v.
Bowen, 794 F.2d 17 (2d Cir. 1986), and Barnett v. Bowen, 665 F.
Supp. 1096 (D. Vt. 1987), which are also distinguishable from
this case.  The Barnett case concerned the legality under the
Social Security Act of unreasonable delays in deciding
reconsideration requests or scheduling hearings before
administrative law judges on disputed disability claims.  After
remand from the Second Circuit, the District Court in Barnett
adopted a class definition agreed to by the parties of
"applicants for social security disability benefits under Titles
II and XVI of the Act whose initial claims have been denied and
who subsequently request reconsideration and administrative
hearings" for the purpose, inter alia, of declaring that
unreasonable delays in deciding reconsideration requests or in
scheduling hearings were illegal under the Social Security Act.
Barnett, 665 F. Supp. at 1098.  The declaratory relief sought
thus conclusively established defendant's liability and,
moreover, the class did not seek recovery of late benefits or
interest on those benefits and it was unnecessary, for purposes
of deciding liability or otherwise, to determine which class
members had experienced unreasonable delay.  See also Luedke v.
Delta Airlines, Inc., 155 B.R. 327, 332 (S.D.N.Y. 1993) (noting
that on remand in Barnett the parties agreed to a class

D.    Conclusions

Thus, plaintiff does not meet the requirements of Rule 23(a) because of the existence of claims that would necessitate individualized factual determinations and, even if the requirements of Rule 23(a) are met on the basis of plaintiff's contention that he seeks only a legal declaration,[19] class certification is nevertheless not appropriate under either 23(b)(1)(A) or 23(b)(2).[20]

A central purpose of the class action mechanism is "the efficiency and economy of litigation."  American Pipe & Constr. Co., 414 U.S. at 553.  In this instance it would be no more

definition that was not tied to unreasonableness of delay "and thereby enabled the district court to avoid making individualized determinations of reasonableness of delay").

[19] Plaintiff's insistence that he seeks only a legal declaration is perplexing given, inter alia, his other requests for relief, his repeated reference to the appointment of an independent fiduciary or special master to resolve questions of liability as to individual class members, and the reality that without individualized adjudications, any declaration as to a presumptive entitlement to interest would be meaningless.

[20] Plaintiff also claims that the proposed class could be certified under Rule 23(b)(3), but makes no arguments and cites no case law supporting this position.  In any event, class certification would not be proper under Rule 23(b)(3) because the only common question among the class is one of law and resolution of that issue would not resolve individual class members' claims. Moreover, the proposed class action would not meet the "superiority" requirement of Rule 23(b)(3) as the most superior method for fair and efficient adjudication of the action because the same result could be obtained by pursuing one individual action, obtaining a declaration concerning the validity of the claimed legal presumption, and utilizing that declaration in subsequent actions.  See Dunnigan, 214 F.R.D. at 138-40.

efficient to proceed on a class-wide basis than for one individual plaintiff to proceed on his or her action, obtain a declaration of law as to the advocated presumption, and for other then to invoke that declaration in subsequent actions.  To certify the proposed class for purposes of making a legal declaration that would be only preliminary to a possible finding of liability, and to then appoint an independent fiduciary or special master to conduct individual liability hearings and make recommended rulings to the Court, would effectively constitute a public subsidy of several thousand individual lawsuits.[21]  Thus, plaintiff's Motion must be denied.

## VI.  CONCLUSION

For the foregoing reasons, plaintiff's Motion for Class Certification After Remand [Doc. # 138] is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 31st day of March, 2006.**

---

[21] See Dannenberg v. Dorison, 603 F. Supp. 1238, 1243 (S.D.N.Y. 1985)("[T]he Court is not convinced that a class action is the most efficient means in which to resolve this case.  Since it appears that all of the potential defendants have been sued in this action, any common questions of law or fact determined adversely to these defendants will in all likelihood have collateral estoppel effect against them in any subsequent action brought by another purported class member.  Therefore, it is not clear that a class action is necessary to avoid multiple litigation of the same claims.").